```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

Michael Kennedy              :
                             :
    v.                       :    Case No. 1:12-cv-36
                             :
Susan Rockwell               :
```

OPINION AND ORDER
(Docs. 4, 15, 16, 17 and 19)

Susan Rockwell, an attorney proceeding in this case *pro se*, is the subject of a disability proceeding being brought by Vermont Disciplinary Counsel Michael Kennedy. That proceeding was initiated in the Vermont Supreme Court, and was subsequently assigned to a hearing panel of the Vermont Professional Responsibility Board.

Rockwell commenced this case by filing a Notice of Removal and removing the disability proceeding to this Court. Her Notice of Removal includes a series of counterclaims, some of which allege violations of federal law. Kennedy has filed a motion to remand. For the reasons set forth below, the motion to remand is GRANTED, and this case is REMANDED to state court.

Factual Background

In October 2011, Kennedy opened a disciplinary investigation into Rockwell's conduct as an attorney. He subsequently petitioned the Vermont Supreme Court for the immediate interim suspension of Rockwell's law license. On November 29, 2011, the Vermont Supreme

Court, acting under its own administrative procedures, granted the petition.

On December 13, 2011, Kennedy filed a petition to commence formal disability proceedings ("Petition") against Rockwell in the Vermont Supreme Court. On January 3, 2012, Kennedy sent a copy of the Petition to Rockwell via certified mail. Rockwell signed for receipt of the Petition on January 19, 2012.

In an Entry Order dated January 11, 2012, the Vermont Supreme Court directed the Professional Responsibility Board ("Board") to appoint a hearing panel to hear the Petition. The court also authorized the Board to appoint counsel for Rockwell. The Petition was assigned to a hearing panel on January 17, 2012, and counsel was appointed on February 1, 2012.

On February 22, 2012, this Court received Rockwell's *pro se* Notice of Removal. The Notice bears the docket number of the state court proceeding, names Kennedy as the petitioner, and contends that removal is proper because "this case . . . arose under violations of the Americans With Disabilities Act" and various constitutional provisions. (Doc. 1 at 1.) The Notice also asserts counterclaims alleging denial of access to the courts; libel *per se*; illegal searches; "reprisal" for protected speech; breach of confidentiality; civil rights allegations; and a wrongful "bill of attainder." Id. at 14. For relief, Rockwell seeks a retraction of defamatory statements, an order requiring an end to all state investigations, and damages. Id. at 15.

On March 13, 2012, Rockwell filed an Amended Notice of Removal and Amended Counterclaim, again alleging violations of her federal constitutional rights and the Americans with Disabilities Act.  The Amended Notice also details various filings and other events that occurred during the thirty-day period prior to her amendment. (Doc. 8 at 4-6.)

Kennedy moves to remand the case, arguing Rockwell did not file her Notice of Removal in a timely fashion, and that there is no basis for federal jurisdiction.  In the alternative, Kennedy contends the Court should abstain under the doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971).

## Discussion

I.  Timeliness

A defendant must file a notice of removal "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ."  28 U.S.C. § 1446(b)(1). Rockwell received the Petition by certified mail, restricted delivery, on January 19, 2012.  She dated and filed her Notice of Removal thirty-four days later, on February 22, 2012.

The thirty-day deadline for removal is "rigorously" enforced. Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991) ("[A]bsent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement."); see Evans v. Sroka, 2001 WL 1160586, at *3 (S.D.N.Y. Oct. 2, 2001) ("This time limit, although not jurisdictional, is strictly

construed and mandatorily enforced.")  If there is a defect in the removal procedure, courts are authorized to remand a case to the state court in which the action originated.  28 U.S.C. § 1447(c); see also LaFarge Coppee v. Venezolana De Cementos, S.A.C.A., 31 F.3d 70, 72 (2d Cir. 1994).  While a procedural defect in removal does not deprive a federal court of jurisdiction, all doubts as to the procedural validity of removal will be resolved in favor of remand.  See Burr v. Toyota Motor Credit Co., 478 F. Supp. 2d 432, 437 (S.D.N.Y. 2006); see also Codapro Corp. v. Wilson, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (stating that "[t]here is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." (internal quotation marks and citation omitted)).  The removing party bears the burden of demonstrating that the removal was procedurally proper.  See Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (citing Hodges v. Demchuk, 866 F. Supp. 730, 732 (S.D.N.Y. 1994)).

 Here, Rockwell failed to file her Notice of Removal within thirty days of service as required by statute.  In an apparent response to the motion to remand, Rockwell's Amended Notice of Removal contends that removal was timely because "request[s], motion[s], and orders" were filed in the state proceeding during the thirty days prior to her amendment.  (Doc. 8 at 2.)  This argument is misplaced, as a removal notice must be filed within

4

thirty days of receipt of the *initial* pleading, not within thirty days of subsequent motions or orders.  See 28 U.S.C. § 1446(b)(1).

Rockwell's citation to 28 U.S.C. § 1446(b)(3) is also misplaced, since that section applies to amended pleadings, motions, or orders "from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  Rockwell's initial Notice of Removal argued that her federal rights had been violated, and her Amended Notice of Removal merely adds to those claims, alleging essentially similar, though more recent, violations.  This sort of amendment does not re-start the thirty-day clock under § 1446(b)(3).  See Grievance Comm. For Tenth Judicial Dist. v. Pollack, 669 F. Supp. 2d 454, 457 (S.D.N.Y. 2009).  The Court therefore finds that removal of this case was untimely.

II.  Propriety of Removal

Even assuming that the Notice of Removal had been timely filed, this case would need to be remanded for lack of subject matter jurisdiction.  Rockwell alleges that the Court has federal question jurisdiction, citing 28 U.S.C. § 1331.  A court has federal question jurisdiction in "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable."  28 U.S.C. § 1441 (2006).  Whether a claim arises under federal law is generally governed by the well-pleaded complaint rule, which provides for federal

jurisdiction only when the complaint affirmatively alleges a federal claim. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6,(2003); see Citigroup, Inc. v. Wachovia Corp., 613 F. Supp. 2d 485, 489-90 (S.D.N.Y. 2009).

In this case, the underlying Petition was filed with the Vermont Supreme Court pursuant to that court's Administrative Order 9. Invoking a specific Rule within Administrative Order 9, the Petition sought a review of Rockwell's performance as an attorney. The Petition made no reference to federal law. Accordingly, the Petition did not establish a basis for federal question jurisdiction. See, e.g., Pollack, 669 F. Supp. 2d at 458; In re Bogart, 386 F. Supp. 126, 130 (S.D.N.Y. 1974) (holding that proceedings under New York law for admission to and removal from practice are not removable pursuant to 28 U.S.C. § 1441 because they are not "founded on a claim or right under the Constitution, treaties or laws of the United States" (internal quotation marks omitted)).

Questions of federal law first entered into this case through Rockwell's counterclaims to the Petition. The Supreme Court has made clear, however, that "a counterclaim – which appears as part of the defendant's answer, not as part of the plaintiff's complaint – cannot serve as the basis for 'arising under' jurisdiction." Holmes Group, Inc. v. Vornado Air Circulation Sys., 535 U.S. 826, 831 (2002). As noted above, a suit "'arises under' federal law 'only when the plaintiff's statement of his own cause of action

6

shows that it is based on [federal law].'"  Vaden v. Discovery Bank, 556 U.S. 49, 60 (2009) (quoting Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149, 152 (1908)).

Furthermore, 28 U.S.C. § 1441(a) authorizes removal of "any civil action brought in a State court . . . ."  28 U.S.C. § 1441.  Under Vermont law, a petition brought by Disciplinary Counsel "is neither civil nor criminal; rather, it is sui generis."  In re Berk, 602 A.2d 946, 948 (Vt. 1991).  This characterization of disciplinary proceedings – as neither civil nor criminal – has been adopted by "[a]n overwhelming majority of courts."  Matter of Gorence, 810 F. Supp. 1234, 1235-36 (D.N.M. 1992) (collecting cases).  The proceeding at issue in this case is, therefore, not a "civil action" subject to removal under 28 U.S.C. § 1441.  Cf. Matter of Doe, 801 F. Supp. 478, 481-85 (D.N.M. 1992) (holding that attorney disciplinary proceeding could not be removed as a "civil action" or "criminal prosecution" under 28 U.S.C. § 1442).  As the Second Circuit has observed,

> the integrity of the bar is of public concern and the
> state which licenses those who practice in its courts,
> and which is the only body that can impose sanctions upon
> those admitted to practice in its courts, should not be
> deterred or diverted from the venture by the interloping
> of a federal court.

Anonymous v. Assoc. of the Bar of City of New York, 515 F.2d 427, 432 (2d Cir. 1975).  In keeping with this general principle, and consistent with the case law, the Court finds that even if Rockwell had filed a timely Notice of Removal, the Petition cannot be

removed.  This matter must therefore be REMANDED to the hearing panel before which it was pending.

## Conclusion

For the reasons set forth above, Kennedy's motion to remand (Doc. 4) is GRANTED, and this case is REMANDED to the hearing panel to which it was assigned by the Professional Responsibility Board. Rockwell's motions for extension of time (Docs. 15 and 17) are GRANTED *nunc pro tunc*.  Her motion to abstain from remand (Doc. 16) and motion for the Court to take judicial notice of a letter from Robert E. Gardiner, M.D. (Doc. 19) are DENIED as moot.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 21st day of August, 2012.

/s/ J. Garvan Murtha
Honorable J. Garvan Murtha
United States District Judge